IN THE MATTER OF THE PROOF OF THE PAPER WRITING PUR-
PORTING TO BE THE LAST WILL AND TESTAMENT OF HENRY
B. DUNCAN, deceased, bearing date the Fifth Day of May,
A. D., 1911.

WILLS—PROBATE—NOTICE TO INTERESTED PARTIES—PERSONAL NOTICE—
SUFFICIENCY.

Under *Rev. Code*, 1852, amended to 1893, *p.* 668, *c.* 89, § 1, providing that,
when a will is presented for probate, notice of the time of taking proof of the
subscribing witnesses shall be given to interested parties, and as to parties
not within the state the register of wills may order such service of notice
"as he deems proper", it was sufficient for the register to personally notify
an interested party of the time of probate.

(*January* 29, 1913.)

Judges CONRAD and WOOLLEY sitting.

*Cooper* and *Bradford* and *Alexander B. Cooper* for the
appellant.

*Herbert H. Ward*, appearing for *Ward, Gray and Neary*, for
Mary A. Duncan, the executrix.

Superior Court, New Castle County, January Term, 1913.

In the matter of the proof of the paper writing purporting to
be the last will and testament of Henry B. Duncan, deceased.
From the decree of the Register of Wills, refusing a review of pro-
bate, an appeal (No. 96, November Term, 1912) was taken.
Appeal dismissed. The case is stated in the opinion.

CONRAD, J., delivering the opinion of the court:

The copy of the record of the proceedings before Francis M.
Walker, Register of Wills, discloses that the will was duly probated
before said Register of Wills on the thirteenth day of February,
A. D. 1912, and letters testamentary granted to Mary A. Duncan,
the executrix named in said will; further it discloses that Henry
B. Duncan, Jr., the petitioner for review in the proceedings now
before the court, the only party in interest other than the execu-
trix, was personally notified of the time of probate by the Register
of Wills.

Afterwards, to wit, on the thirteenth day of May, A. D. 1912, Henry B. Duncan, Jr., filed his petition with the Register of Wills for a review of the probate of the will and prayed that the allowance of the will be rejected and the letters revoked.

On this petition a hearing was had before the register on the twenty-first day of May, A. D. 1912, and after argument by counsel on both sides the Register of Wills ordered the petition for a review of the will dismissed, and refused the application of the petitioner for the setting of a day for the taking of depositions of witnesses as to the validity of the will, and for an issue *devisavit vel non*.

The proceeding before the court now is an appeal from the decision of the Register of Wills refusing a review of the probate of the will.

The petitioner, Henry B. Duncan, Jr., contends that he did not voluntarily appear before the register at the time of the taking of the proof of said will, and that he was not served with citation or notice of the time for taking proof thereof. The petitioner recites in his petition to the register that he was then (May 13, 1912) a resident of the City of Philadelphia, State of Pennsylvania, and the case was argued on the theory that the petitioneer at the time of the taking the proof was not within the state. No direct proof was made as to the petitioner's residence, but both parties to the proceeding seemed to admit that he was a nonresident of the state at the time of the taking of the proof. The only evidence before us as to what notice, if any, was given to the petitioner as to the time of taking the proof is the averment made in the record as sent up to this court by the register as follows:

"Henry B. Duncan, Jr., the only party in interest other than the executrix, was personally notified of the time of probate by the Register of Wills."

The fact that petitioner was personally notified was not denied or controverted, but it was claimed by his counsel that such a notice was not sufficient under our statute.

*Section* 1, *Chapter* 89, *Laws of Delaware, Revised Code* (1893) *page* 668, provides that when a will is presented for probate, notice

of the time of taking the proof of the subscribing witnesses shall be given to all parties interested, and "in respect to parties not within this state, the register of wills may order such service or publication of notice as he may deem proper."

It was clearly the design of that statute that all parties should have notice of the time when the probate of a will was to be made, in order, as is evident, that they might protect any interest they had in the matter; and the statute gives to the register much latitude as to notice that is to be given parties "not within the state". "He may order such service or publication of notice as he may deem proper." The register avers in his record that the petitioner "was personally notified of the time of probate by [himself] the Register of Wills." Was not that a reasonable notice, giving to petitioner full opportunity to appear and interpose any objections that he might have as to the validity of the will? Does it not meet fully the requirements of the statute—"such service or publication of notice as he [the register] may deem proper"? Surely a much more satisfactory and comprehensive notice, than a formal citation posted at the door of the court house or published in a newspaper.

The court are of the opinion that the register of wills acted fully within his authority in giving personal notice to Henry B. Duncan, Jr., and that such notice is sufficient under the statute. The court therefore affirms the finding of the Register of Wills and orders that the appeal of Henry B. Duncan, Jr., be dismissed with costs.